IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 WELFARE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC, and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. 17 CV 8808 <br> ) <br> ) Judge <br> ) <br> ) Magistrate <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR AUDIT

Plaintiffs, TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND, by their attorneys, DONALD D. SCHWARTZ, PAUL M. EGAN, and ARNOLD AND KADJAN, LLP complain against Defendants, TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC, as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are TRUSTEES OF THE WILL COUNTY

LOCAL 174 CARPENTERS PENSION TRUST FUND and WILL COUNTY LOCAL 174 CARPENTERS WELFARE FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Chicago and Northeast Illinois District Council of Carpenters and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. (a) **TRICOR CARPENTRY, LLC** was previously an Illinois Corporation that is currently not in good standing, and Section 150 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.150) makes "[a]ll persons who assume to exercise corporate powers without authority * * *" personally liable for "all debts and liabilities incurred or arising as a result thereof."

(b) **JAMES WEBER d/b/a TRICOR CARPENTRY, LLC.** held himself out as operating an Illinois Corporation and was doing business within this Court's jurisdiction.

(c) **ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC.** held himself out as operating an Illinois Corporation and was doing business within this Court's jurisdiction.

(d) **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** is an employer engaged in an industry affecting commerce.

5.  **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees.

6.  By virtue of certain provisions contained in the collective bargaining agreements, **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** is bound by the Trust Agreement establishing the Funds.

7.  Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.  Plaintiffs are advised and believe that for **January 1, 2015 through the present, TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9.  Plaintiffs' auditor has repeatedly attempted to contact **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN**

**d/b/a TRICOR CARPENTRY, LLC,** to request its cooperation to perform an audit of fringe benefit contributions by **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** for the foregoing mentioned time period, but **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** has refused to cooperate with completing an audit, in violation of its obligations under the collective bargaining agreement and Trust Agreements.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.  **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** be ordered to submit to an audit for **January 1, 2015 through the present**.

B.  Judgment be entered against **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** and in favor of Plaintiffs, in the amount shown due under the audit.

C.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreement and ERISA Section 502(g)(2).

D.  **TRICOR CARPENTRY, LLC, JAMES WEBER d/b/a TRICOR CARPENTRY, LLC and ROBERT SEBASTIAN d/b/a TRICOR CARPENTRY, LLC,** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
**TRUSTEES OF THE WILL COUNTY LOCAL 174 CARPENTERS, et al.**


By:    s/ Paul M. Egan
       One of their Attorneys

Donald D. Schwartz
Paul M. Egan
**ARNOLD AND KADJAN**
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415

5